IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANDRE DeGARZA,<br>　　*Plaintiff*<br><br>v.<br><br>OFFICER HUGO MONTEJANO,<br>OFFICER JOSHUA SEEBECK, AND<br>JENNA FELICI, M.D., UNITED<br>STATES OF AMERICA[1]<br>　　*Defendants* | A-19-CV-01013-LY-SH |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:　　THE HONORABLE LEE YEAKEL
　　　　UNITED STATES DISTRICT JUDGE

Before this Court are Andre DeGarza's ("Plaintiff") Application to Proceed In Forma Pauperis (Dkt. No. 2); Plaintiff's Complaint (Dkt. No. 1); and Plaintiff's Motion to Dismiss Violation #7359002 due to an Excessive Use of Force (Dkt. No. 4). The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.　GENERAL BACKGROUND

According to his Complaint, Plaintiff Andre DeGarza ("Plaintiff") is an attorney and Veteran of the United States Air Force who has been receiving treatment from the United States Department of Veterans Affairs ("VA") for the last 20 years. Plaintiff alleges that he visited the Austin VA Outpatient Clinic on August 14, 2019, because he had an appointment with Dr. Jenna Felici, M.D., a VA psychiatrist. Plaintiff alleges that he asked Dr. Felici to refill his prescription

---

[1] Although Plaintiff included "United States of America" under the style of the case, it does not appear that Plaintiff actually asserts any claim against the United States.

1

for Ritalin, but instead, she read his medical file and asked him some questions. Plaintiff was not pleased that Dr. Felici did not immediately refill his prescription and asked her to "call the police because I wanted them there in the session." Dkt. No. 1 at ¶ 8. Dr. Felici complied with Plaintiff's request and called VA Officers Joshua Seeback and Hugo Montejano to come to her office. Plaintiff alleges that after he reached for his briefcase, Officers Seeback and Montejano violently shoved him from behind, slammed his head on Dr. Felici's desk, handcuffed him and placed him in the Outpatient Clinic holding cell. Plaintiff alleges that he sustained damages including "pain, humiliation, depression, and fear of going to the VA." *Id.* at ¶ 9.

On October 17, 2019, Plaintiff filed an Application to Proceed In Forma Pauperis asking that he proceed in this case without having to pay the filing fee. Plaintiff's Complaint alleges (1) an excessive force claim against Officers Montejano and Seebeck under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"); (2) a Federal Tort Claims Act ("FTCA") claim against Officers Montejano and Seebeck for battery and assault; and (3) a FTCA claim against Dr. Felici for negligent infliction of emotional distress.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

After reviewing Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs and financial affidavit in support, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave

to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time on the Defendants.

### III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

#### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Plaintiff's Claims under the FTCA

The FTCA is a limited waiver of the federal government's immunity from tort lawsuits, allowing plaintiffs to sue the federal government "for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

As noted, Plaintiff is attempting to sue Defendants Montejano, Seebeck and Felici (the "Individual Defendants") under the FTCA. However, the United States is the only proper defendant in a suit under the FTCA. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction. *Id.* Accordingly, the Plaintiff's claims under the FTCA against the Individual Defendants in this case should be dismissed with prejudice[2] under § 1915(e)(2) for lack of jurisdiction. *See Turnbaugh v. United States*, 2019 WL 3804978, at *4 (N.D. Tex. July 2,

---

[2] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals under § 1915(e) should be deemed dismissals with prejudice).

4

2019) (dismissing FTCA claims against individual defendants under § 1915(e)(2)(B) as frivolous), *report and recommendation adopted*, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019).

Even if the Court permitted Plaintiff to substitute the United States as a defendant in lieu of the Individual Defendants, Plaintiff's FTCA claims would still fail because he failed to exhaust his administrative remedies prior to filing suit. Under the FTCA, claimants are prohibited from filing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Administrative exhaustion requires the claimant to present the claim to the "appropriate federal agency" and have the claim finally denied by the agency. 28 U.S.C. § 2675(a). Alternatively, if an agency fails to finally dispose of the claim within six months after filing, the claimant has the option to deem the claim administratively denied. *Id.* Nonetheless, an action that is filed before the expiration of the six-month waiting period is premature, and cannot become timely by the passage of time after the complaint is filed. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citing *McNeil*, 508 U.S. at 113). These requirements are a jurisdictional prerequisite to filing suit under the FTCA. *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1993). Thus, failure to exhaust administrative remedies deprives the court of subject matter jurisdiction.

In the instant case, Plaintiff has failed to allege that he filed an administrative claim with the VA, and that he received a final denial of the claim before filing this lawsuit. Plaintiff's suit would be premature in any event because he did not wait six months from the date he could have filed the administrative claim (any day after August 14, 2019, when the underlying incident took place) to file this suit. Accordingly, the Court does not have jurisdiction over any potential FTCA claim against the United States.

### C. Fourth Amendment Claim under *Bivens*

Plaintiff's Complaint also alleges a Fourth Amendment excessive force claim against Officers Montejano and Seebeck in their official capacities as employees of the VA. Plaintiff brings his Fourth Amendment claim under *Bivens*.

In *Bivens*, the Supreme Court recognized a private cause of action against federal officials who, acting under color of federal law, violate a constitutional right of an individual. 403 U.S. at 397. *Bivens*, however, "provides a cause of action only against government officers *in their individual capacities*." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (emphasis added). *Bivens* does not permit a cause of action against the United States, a federal agency, or federal employees in their official capacities because such claims would be barred by sovereign immunity. *Id.*

In the instant case, Plaintiff specifically states that Officers Montejano and Seebeck "were acting under the color of law, authority, customs and usage of the Constitution, and laws of the United States and within the scope of their employment with the [VA]'" Dkt. No. 1 at p. 3. Thus, Plaintiff is clearly suing the Defendants in their official capacities. There is no indication that Plaintiff is suing the Defendants in their individual capacities, and Plaintiff has not alleged that the Defendants acted outside of their scope of their employment. Accordingly, Plaintiff's Fourth Amendment claims are barred by sovereign immunity and should be dismissed. *See Shalala*, 164 F.3d at 286 (holding that *Bivens* claim was barred by sovereign immunity where there was no indication that Secretary was sued in her individual capacity).

### D. Leave to Amend

Because Plaintiff's claims are barred by sovereign immunity, the Court finds that the case should be dismissed without the opportunity to amend. *See Edmiston v. La. Small Bus. Dev. Ctr.*,

931 F.3d 403, 408 (5th Cir. 2019) (denying leave to amend where defendants were immune from suit); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

Plaintiff now has been provided adequate notice of the deficiencies of his Complaint by this recommendation, and with the opportunity to respond or seek leave to amend during the 14-day objection period. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (holding that *sua sponte* dismissal with prejudice "is cabined by the requirements of basic fairness," and thus, unless dismissal is without prejudice or the plaintiff has alleged his best case, the district court must give "the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond").

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** *with prejudice* Andre DeGarza's Complaint under 28 U.S.C. § 1915(e)(2) and **DISMISS** all pending motions.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 28, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE